CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2011 NOV 29 PM 2:28
DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JULIAN GARCIA, PRO SE, <br> TDCJ-CID # 1182237, <br><br> Plaintiff, <br><br> v. <br><br> RICK THALER, BRENDA COFFEY, <br> NFN SOLIS, and NFN CLOWER, <br><br> Defendants. | § § § § § § § § § § § § 2:11-CV-0275 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

The instant cause was transferred from the United States District Court for the Southern District of Texas, Victoria Division, to the United States District Court for the Northern District of Texas, Amarillo Division, on November 14, 2011.

Plaintiff JULIAN GARCIA, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis

Plaintiff alleges that, on an unspecified date while he was still housed at the Dalhart Unit[1], his left big toe was "injuried [sic] (full of puss and blood)" and he was sent to his cell by defendant SOLIS, the Food Service Captain, and Sgt. CLOWER. Plaintiff complains defendant Officer COFFEY wrote him a disciplinary case and defendants Food Service Captain SOLIS and Sergeant CLOWER did nothing to stop the disciplinary case.

---

[1] Plaintiff was later transferred to the Stevenson Unit.

Plaintiff states he suffered fifteen days of recreation restriction and fifteen days commissary restriction as a result of the disciplinary case. No further information is provided.

Plaintiff requests punitive damages of $200.00 a day for the time he spent on restriction.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

The Court is aware that some mistakenly perceive the Constitution as a micromanager of day-to-day prison activities. It is not. Further, suit in federal court is not an extension of the prison grievance process.

Plaintiff bases his claims on the fact that defendant COFFEY gave him a disciplinary case and defendants SOLIS and CLOWER didn't prevent it. It appears plaintiff feels the disciplinary case was without a valid foundation and is asserting a claim of malicious prosecution against these defendants. Malicious prosecution no longer provides an independent basis for a section 1983 claim in this Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5$^{th}$Cir. 2003). Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). To the extent plaintiff claims defendant COFFEY wrote him a false disciplinary case and that defendants SOLIS and CLOWER approved that case or failed to stop it, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Review of plaintiff's submission does not reveal he has named RICK THALER as a defendant, although THALER is listed as one on the docket. In any event, plaintiff has alleged no fact(s) showing a basis for any claim against THALER. To the extent plaintiff is attempting to assert a claim against THALER based on his supervisory capacity, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). Any such a claim lacks an arguable

3

basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915A and section 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff JULIAN GARCIA is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _29th_ day of _November_, 2011.

MARY LOU ROBINSON
United States District Judge